Fremont-Smith, J.
These consolidated actions concern a dispute over the enforceability of a lease entered into on June 19, 1991 between J. Daniel Lugosch, General Partner of Silver City Galleria Group (“Silver City”) and OBF of Taunton, Inc. d/b/a Stage Deli (“Stage Deli”). Pursuant to Mass.R.Civ.P. 56, the matter is now before the court on Silver City’s Motion for Summary Judgment on both complaints. For the reasons to follow, Silver City’s motion is allowed on both counts (Count I — Fraud in the Inducement, and Count II — G.L.c. 93A) of Stage Deli’s complaint, which are dismissed. Summary judgment is also granted in favor of Silver City against Stage Deli and Merowitz with regard to liability, and a hearing for assessment of damages shall be scheduled.
BACKGROUND
The undisputed facts are as follows: J. Daniel Lugosch is a general partner of the Silver City, a New York partnership that owns a shopping mall in the City of Taunton known as Silver City Galleria. OBF of Taunton, Inc. d/b/a Stage Deli is a Massachusetts corporation conducting retail food operations in this Commonwealth.
During the spring of 1991, Stage Deli negotiated with Silver City for the leasing of certain spaces in the Food Court of the Silver City Galleria to conduct a retail food store/restaurant. Robert S. Merowitz (“Merowitz”) and Ted Dispenza represented Stage Deli in the lease negotiations, and Carmen Spinoso represented Silver City. Throughout the lease negotiations, Stage Deli and Merowitz were represented by Attorney Peter B. Finn, and Silver City was represented by Attorney Craig Ingber. On June 17, 1991, Silver City and Stage Deli entered into a leasehold agreement, and Merowitz signed as guarantor of the lease. Silver City also lent Stage Deli $50,000 in exchange for a promissory note from Stage Deli, whereby Stage Deli agreed to repay the principal sum of $50,000 together with interest at the rate of ten percent. Merowitz also signed as guarantor of the note.
Section 23.16 of the lease reads as follows:
The Lease contains and embraces the entire agreement between the parties hereto with respect to the matters contained herein, and it or any part of it may not be changed, altered, limited, terminated, or extended orally or by any agreement between the parties unless such agreement is in writing and signed by the parties hereto, their legal representatives, successors or assigns. Tenant acknowledges and agrees that neither Landlord nor any representative of Landlord nor any broker has made any representation to or agreement with Tenant relating to the Premises, this Lease or the Shopping Center which is not contained in the express terms of this Lease. Tenant acknowledges and agrees that Tenant’s execution and delivery of this Lease is based upon Tenant’s independent investigation and analysis of the business potential and expenses represented by this Lease, and Tenant hereby expressly waives any and all claims or defenses by Tenant against the enforcement of this Lease which are based upon allegations or representations, protections, estimates, understandings or agreements by Landlord or Landlord’s representatives that are not contained in the express terms of this Lease.
(Emphasis added.)
Pursuant to its terms, the lease commenced on March 1, 1992 and was scheduled to expire on April 31, 2002. Stage Deli entered into possession of the leased premises on or before March 1,1992 and began its retail operations shortly thereafter.
By letter dated April 6, 1992, Silver City sent an Estoppel Certificate to Stage Deli, which, in part, reads: “On this date, to the best of Tenant’s knowledge, there are no existing defenses or off-sets which the Tenant has against the enforcement of the Lease by the landlord.” Stage Deli’s president, Henry Katz, signed this certificate in his official capacity on April 16, 1992.
On June 23, 1992, Stage Deli filed a Complaint against Silver City alleging, inter alia, that Silver City fraudulently induced it to enter into the said lease by knowingly misrepresenting that no other tenants within the Food Court would sell items that were listed in the Use Clause of Stage Deli’s lease.
*514 In a letter dated August 7, 1992, Silver City notified Stage Deli that it was in default of the lease, and should immediately remit payment of $33,841.33 in arrearages to bring its account up to date. In a letter dated August 18, 1992, Silver City notified Stage Deli that the lease was terminated as a result of Stage Deli’s failure to cure the default, and demanded, pursuant to Section 15.02(c) of the lease, the net present value of future sums totalling $574,382.80, as well as past due amounts totalling $46,044.27. Similarly, by letter dated August 24, 1992, Silver City (also referred to as Pyramid Management Group, Inc.) notified Stage Deli that it was in default on the promissory note in the amount of $4,466.16.
Stage Deli has refused to make any payments to Silver City. On March 18, 1993, Silver City filed a complaint against Merowitz seeking to enforce his personal guarantees of both the lease and note. Merowitz refuses to honor those guarantees on the ground that they were obtained as a result of Silver City’s fraudulent misrepresentations.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A parly moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or by “demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Under Massachusetts law, in order to establish a claim for fraudulent misrepresentation, it is incumbent on Stage Deli and Merowitz to prove that Silver City made a false representation of a material fact which Silver City knew or should have known was false, for the purpose of inducing Stage Deli and Merowitz to act thereon, and that Stage Deli and Merowitz reasonably relied upon the representation as true and acted upon it to their detriment. Elias Bros. Restaurants v. Acorn Enterprises, 831 F.Supp. 920, 922 (D.Mass. 1993), citing Danca v. Taunton Savings Bank, 385 Mass. 1, 8 (1982); Saxon Theatre Corporation of Boston v. Sage, 347 Mass. 662, 666-67 (1964) (requiring that the reliance be reasonable).
Here, the alleged misrepresentation upon which Merowitz and Stage Deli relied is not actionable, for their reliance was not reasonable as a matter of law in the circumstances here. It is undisputed that the issue of exclusive use was negotiated between Silver City and Stage Deli over a period of time; that all parties (including Merowitz) were represented by counsel at the time of the signing of the lease, note, and guarantees; and that Stage Deli signed the lease expressly waiving all claims or defenses against the enforcement of the lease based upon allegations “that are not contained in the express terms of [the] Lease.” Under almost identical circumstances, the court, in McCartin v. Westlake, 36 Mass.App.Ct. 221, 231-34 (1994), held that alleged reliance upon other purported oral representations cannot be said to be reasonable. Because Stage Deli and Merowitz expressly understood and agreed to be bound only by the written agreement they negotiated with Silver Cily, they are not now permitted to contend that any contrary or different statements made to them during negotiations constituted fraud so as to avoid their express written agreements. McCartin, supra at 231, 233-34; see also Greenery Rehabilitation Group, Inc. v. Antaramian, 36 Mass.App.Ct. 73, 76 (1994).
“Business people understand that much of what is said during negotiation of a business agreement never becomes part of the final bargain. Only what matters is reduced to writing and signed. And where that writing warns the buyers that what they sign, and no more, is binding, and the buyers acknowledge that to be so and that they understand what they are signing, a firm case is made, as a matter of law, to enforce what was signed and not what was said during negotiations.” McCartin, 36 Mass.App.Ct. at 232-33. Hence, the deliberate, uncoerced, and businesslike process by which the parties reached final, written agreements cannot be undone merely on the claim, later asserted, that Merowitz and Stage Deli understood their commitments and obligations were otherwise than as stated in the signed documents. Id. at 231.
Because the court finds Stage Deli’s fraud claim to be untenable as a matter of law, it follows that Stage Deli’s claim pursuant to G.L.c. 93A, §§2 and 11 must also fall, as such claim is now left without foundation. See Id. at 233-34 (where c. 93A claim based upon same factual allegations as deceit claim, and circumstances did not constitute deceit, c. 93A claim must likewise fail); see also, Greenery Rehabilitation Group, 36 Mass.App.Ct. at 78-79. Accordingly, Silver City’s Motion for Summary Judgment is allowed with respect to both counts of Stage Deli’s complaint.
*515 Having found no actionable fraud in the inducement, the court concludes that the lease and guarantees are valid and enforceable. Accordingly, Silver City’s motion for partial summary judgment is allowed as against Stage Deli and against Merowitz for liability on his guarantees.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Silver City Galleria Group’s Motion for Summary Judgment is ALLOWED and both counts of OBF of Taunton Inc. d/b/a Stage Deli’s second amended, verified complaint for rescission of the lease and promissory note are dismissed. Silver City’s Motion for Summary Judgment is also ALLOWED with respect to liability against Stage Deli and against Robert S. Merowitz on his guarantees. A hearing shall be scheduled for an assessment of the amount of damages owed by Stage Deli and by Merowitz.

 This complaint has twice been amended, the last (Second Amended Verified Complaint) occurring on January 27, 1993.